UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENARA REYES, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RECOVERY CENTER, INC. and WORLD FINANCIAL NETWORK BANK, <br><br> Defendant. | 11-CV-5961-WJM <br><br> **MEMORANDUM OPINION & ORDER** |

  **THIS MATTER** comes before the Court upon Defendant World Financial Network Bank's ("WFNB") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff filed an action against Defendants in the Superior Court of New Jersey, Law Division, Hudson County claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), invasion of privacy, and breach of the implied covenant of good faith and fair dealing. Plaintiff is a consumer who owes a credit card debt to WFNB, and National Recovery Center, Inc. ("NRC") is a debt collection company that WFNB employed to collect the owed money. The Complaint alleges that Plaintiff's counsel advised WFNB by letter that Plaintiff was represented by counsel and demanded that WFNB cease and desist from direct communications with Plaintiff. The Complaint further alleges that sometime thereafter NRC contacted Plaintiff directly seeking to collect the debt owed to WFNB. WFNB moved to dismiss.

  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although a complaint need not contain detailed factual allegations, "a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). WFNB is correct that Plaintiff has failed to state a claim against it.

  First, Plaintiff's claim for relief under the FDCPA must fail because WFNB is not a debt collector. Plaintiff alleges Defendants violated 15 U.S.C. § 1692c(a)(2), but that section, by its terms, applies only to debt collectors. *Id.* ("a debt collector may not communicate with a consumer . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt . . ."). Prior decisions by courts interpreting the FDCPA have distinguished between creditors, such as WFNB, and debt collectors, such as NRC, and have generally held that the FDCPA does not apply to creditors. *See, e.g.*, *Ventura v. I.C. Systems, Inc.*, 2011 WL 5519863, at *2 (D.N.J. Nov. 9, 2011) (citing *Police v. National Tax Funding*, 225 F.3d 379, 402 (3d Cir. 2000)); *Holt v. Macy's Retail Holders, Inc.*, 2010 WL 280347, at *5 (W.D. Tenn. Jan. 21, 2010) (dismissing FDCPA cases against credit card issuers and citing cases); *see also Green v. WFNB*, 2011 WL 3351342, at *2 (D. Utah Aug. 3, 2011) (holding WFNB not subject to FDCPA because WFNB was collecting its own debt and was thus not debt collector under FDCPA). The same reasoning applies here. Because WFNB is not a debt collector, it cannot be held liable under Section 1692(c)(a)(2) and Plaintiff's claim under that section must fail.

  Second, Plaintiff's claim for invasion of privacy must fail because even if the allegations were taken as true, Plaintiff has failed to show WFNB undertook conduct that would be highly offensive to a reasonable person. Under New Jersey law, the tort of invasion of privacy requires a showing that the tortfeasor intentionally intruded, physically or otherwise, upon the solitude or seclusion of another or his private affairs and concerns in a manner that would be highly offensive to a reasonable person. *G.D. v. Kenny*, 15 A.3d 300, 319-20 (N.J. 2011). Even assuming WFNB could somehow be held liable for NRC's direct contact with Plaintiff, the Court sees no way in which a reasonable person could find the sending of a letter merely attempting to collect a debt to be highly offensive. If such conduct were highly offensive, that would lead to the ridiculous result that every debtor would have a cause of action for invasion of privacy against every creditor who contacted them seeking to collect the money owed. That Plaintiff was represented by counsel and had allegedly indicated the desire that all communications be made directly to counsel is still not enough to nudge this conduct into the category of being highly offensive.

  Finally, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must fail because Plaintiff has failed to allege how WFNB's conduct prevented him from receiving his reasonably expected fruits under the

contract and has failed to allege that WFNB acted with a bad motive or intention. Under New Jersey law, a duty of good faith and fair dealing is implicit in every contract; such duty is grounded on the principle that neither party shall commit any act which shall destroy or injure the rights of the other party to enjoy the fruits of the contract. *R.J. Gaydos Ins. Agency, Inc. v. National Consumer Ins. Co.*, 773 A.2d 1132, 1146 (N.J. 2001). It also requires a showing that the defendant acted with bad motive or intentions. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 531 (D.N.J. 2008) (citing *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001)). Here, Plaintiff has failed to allege any facts supporting a finding of bad motive or intentions on WFNB's part and has further failed to allege any facts explaining or implying that WFNB's alleged conduct somehow deprived Plaintiff of the fruits of the contract he reasonably expected to enjoy. Indeed, if anything, any right Plaintiff may have had to not be contacted directly arose not from any contract with WFNB but from Section 1692c(a)(2) of the FDCPA. Thus, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing against WFNB must fail as well.

    For the foregoing reasons and for good cause shown;

**IT IS** on this 7th day of December 2011, hereby,

**ORDERED** that WFNB's motion dismiss is **GRANTED**; and it is further

**ORDERED** all of Plaintiff's claims against WFNB are **DISMISSED**.

        /s/ William J. Martini
        **WILLIAM J. MARTINI, U.S.D.J.**